IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                                           ORDER

                Petitioner,

     v.                                     07-cv-00561-bbc

RALPH FROELICH, PAUL SUMNICHT,
BELINDA SCHRUBBE, MARY GORSKE and
KEVIN KALLAS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, petitioner alleges in a complaint dated October 4, 2007, that on August 3, 2007, the respondents he names abruptly discontinued his "Concerta," a medication petitioner was taking for Attention Deficit Hyperactivity Disorder. According to petitioner, respondents knew he would suffer seizures if he were abruptly cut off from this medication, yet they stopped the medication anyway. On August 3, 5, 6 and 7, petitioner suffered seizures.

Petitioner attempted to bring this same action, minus three of the named respondents, on August 3, 2007, the day on which his medication was first discontinued and on which he suffered his first seizure allegedly relating to the discontinuation. Ciarpaglini

1

v. Schrubbe, 07-C-440-S. In an order dated August 10, 2007, the Hon. John C. Shabaz granted petitioner leave to proceed in forma pauperis in case no. 07-C-440-S and consolidated that case with another of petitioner's cases, Ciarpaglini v. Kallas, 07-C-441-S, in which petitioner complained that he was being denied "Benzodiazepine type medications" for his panic disorder. Cases nos. 07-C-440-S and 07-C-441-S were dismissed on September 11, 2007, on the ground that plaintiff had failed to exhaust his administrative remedies before bringing those lawsuits. Subsequently, petitioner moved to reopen the consolidated cases, attaching to his motion copies of September 2007 dismissals he had received from the Office of the Secretary of the Department of Corrections for two of his inmate appeals. On October 17, 2007, petitioner withdrew his motion to reopen with respect to case no. 07-C-440-S. In an order dated October 18, 2007, Judge Shabaz denied petitioner's motion to reopen case no. 07-C-441-S, for the reason that petitioner's submission proved that petitioner's appeals were not decided until *after* petitioner had filed his complaint, and thus did not meet the requirement of Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), that a petitioner must exhaust his administrative remedies before filing suit.

A judgment of dismissal was entered in this case on October 11, 2007, on the ground that petitioner still had not made a showing that he exhausted his administrative remedies on his claim. On October 17, 2007, petitioner moved for reconsideration of that decision;

that motion was denied in an order dated October 18, 2007. Petitioner moved a second time for reconsideration on October 25, 2007. Before ruling on the motion, on October 29, 2007, Judge Shabaz recused himself, and the motion was referred to this court.

Petitioner argues that it was error for Judge Shabaz to rule that he had not submitted proof that he exhausted his administrative remedies on his claim that his Concerta medication was wrongfully discontinued, but he is wrong. When petitioner moved for reconsideration on October 17, 2007, he told the court that he had submitted his proof of exhaustion in the consolidated cases numbered 07-C-440-S and 07-C-441-S, together with a motion to reopen. However, it is impossible to tell from the documents that petitioner submitted in cases nos. 07-C-440-S and 07-C-441-S that he has exhausted his administrative remedies in this case. The documentation consists of two Corrections Complaint Examiners' Reports recommending dismissal of inmate complaints that are described only generically. One is numbered WCI-2007-23389; the other is numbered WCI-2007-23160. The subject lines on both reports say nothing more than "Medical." The "Brief Summary" on WCI-1007-23389 reads, "Inmate states that WCI refused to give him the medication prescribed by the ER doctor." The "Brief Summary" on WCI-2007-23160 reads, "Inmate feels that his medication was wrongly discontinued." The corresponding decisions accepting the recommendations for dismissal describe the subject matter in precisely the same way. Petitioner does not submit copies of his own complaint and appeals to show that the subject

3

he raised was that his Concerta medication was discontinued in August of 2007 or that the complaint number assigned to his grievance matches one of the two appeals decisions referred above.

A recurrent theme in petitioner's lawsuits is lack of attention to his medical needs. E.g. Ciarpaglini v. Suliene, 07-C-339-S (complaint alleging dissatisfaction with treatment and medication for "excruciating pain"); Ciarpaglini v. Grams, 07-C-346-S (complaint alleging infected and painful tooth after loose crown confiscated in hospital emergency room); Ciarpaglini v. Diedrich, 07-C-384-S (complaint alleging failure to treat panic attacks); Ciarpaglini v. Thurmer, 07-C-392-S (complaint alleging seizures brought on by constant illumination); Ciarpaglini v. Mueller, 07-C-430-S (complaint alleging allergic reactions to foods); Ciarpaglini v. Kroll, 07-C-513-S (complaint alleging seizures caused by sleep deprivation from constant illumination). In light of petitioner's failure to submit a set of grievance papers that would permit the court to conclude that the dismissed appeals relate to an inmate complaint challenging the discontinuation of petitioner's Concerta medication in August, 2007, it was not improper for Judge Shabaz to deny petitioner's motion for reconsideration.

Accordingly, IT IS ORDERED that petitioner's second motion for reconsideration

of the order dismissing this case for petitioner's failure to exhaust his administrative remedies is DENIED.

Entered this 20th day of November, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

5