IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                                                                                   ORDER

                    Petitioner,

       v.                                                            07-cv-00561-bbc

RALPH FROELICH, PAUL SUMNICHT,
BELINDA SCHRUBBE, MARY GORSKE and
KEVIN KALLAS,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is the second lawsuit petitioner has filed in which he alleges that on August 3, 2007, respondents abruptly discontinued his "Concerta," a medication petitioner was taking for Attention Deficit Hyperactivity Disorder, knowing that the discontinuation would cause him to suffer seizures. The first lawsuit petitioner filed raising this same claim, <u>Ciarpaglini v. Schrubbe</u>, 07-C-440-S, was dismissed on September 11, 2007, for petitioner's failure to exhaust his administrative remedies before bringing the lawsuit. In an order dated October 11, 2007, Judge Shabaz dismissed this case, too, for petitioner's failure to show that he exhausted his administrative remedies on his claim. On October 18, 2007, Judge Shabaz denied petitioner's first motion for reconsideration of the October 11 order. On

1

November 20, 2007, following Judge Shabaz's recusal in this case, I denied petitioner's second motion for reconsideration. Presently before the court is petitioner's third motion for reconsideration. .

Finally, petitioner has submitted proof that he exhausted his administrative remedies on the claim raised in this lawsuit before he filed the lawsuit as is required under <u>Perez v. Wisconsin Department of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999). Therefore, it appears that petitioner's failure to exhaust is not a proper ground for dismissal of this action. However, petitioner's victory is short-lived.

In another decision issued today in another of petitioner's cases, <u>Ciarpaglini v. Kallas</u>, 07-cv-00618-bbc (copy attached), I concluded that petitioner was abusing the judicial system by filing repeated lawsuits contending that his rights under the Eighth Amendment were violated by a lack of medical care, when his cumulative filings show that he has no basis for the claims other than his disagreement about the treatment decisions being made for him. This lawsuit is no different from the others. Petitioner disagrees with the abrupt discontinuation of a particular medication prescribed for his attention deficit hyperactivity disorder, but his allegations fall far short of suggesting that the change, despite its side effects, constitutes deliberate indifference to his serious medical needs. Therefore, although I will grant petitioner's third motion for reconsideration, I will deny petitioner leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this action because his allegations fail to state a claim upon

2

which relief may be granted.

## ORDER

IT IS ORDERED that

1. Petitioner's motion for reconsideration of the decision to dismiss this action for his failure to exhaust his administrative remedies is GRANTED.

2. Petitioner is DENIED leave to proceed in forma pauperis in this action because his complaint fails to state a claim upon which relief may be granted.

Entered this 31st day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                                                                     ORDER

          Petitioner,

                                                                     07-C-618-C

     v.

KEVIN KALLAS, PAUL SUMNICHT,
MARY GORSKE and BELINDA SCHRUBBE,

          Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Robert Ciarpaglini has consumed more than his fair share of attention in the federal courts. By the time the Prison Litigation Reform Act was enacted in late 1995, he had filed at least 90 separate actions in this district alone, a great many of which were dismissed as legally meritless. He has been ineligible for pauper status under 28 U.S.C. § 1915(g) for more than ten years. Nevertheless, the court's PACER system shows that his lawsuit tally now exceeds 160 cases. A number of the additional cases were filed while petitioner was on parole. However, this is the twentieth lawsuit petitioner has filed in the past year alone, while he has been incarcerated, in which he alleges that he is in imminent danger of serious physical injury. Because it appears certain that petitioner is abusing the imminent danger

4

exception to § 1915(g) with respect to his claims that he is being denied medical care, I am directing the clerk of court to route directly to chambers any future actions petitioner submits to this court that are not accompanied by the filing fee so that I may examine them before they are filed. If I find that petitioner's complaint is alleging that he is being denied medical care, or that some other condition of his confinement is causing him to suffer the symptoms of his various physical ailments, the complaint will be placed in a miscellaneous file and no action will be taken with respect to it. If petitioner files a complaint alleging imminent danger of serious physical injury concerning a matter other than his medical conditions, I will direct that the complaint be filed. These complaints will be reviewed formally to determine whether plaintiff's allegations of imminent danger are credible and, if they are, whether the complaint states a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). However, even if a complaint of this type survives screening, I will not hesitate to curtail petitioner's legal activities further if he does not ultimately prove that he is in imminent danger of serious physical injury.

In his complaint in this case, petitioner alleges that he has a seizure disorder for which he takes medication. Nevertheless, he still experiences infrequent seizures. On August 5, he suffered a seizure that required him to be hospitalized briefly. The doctor petitioner saw in the emergency room told petitioner that he believed the drug Ativan "would help negate additional seizures," and he issued petitioner a prescription for this drug. However,

defendants Kallas and Sumnicht, both physicians with the Wisconsin Department of Corrections, declined to honor the prescription.  Petitioner suffered another seizure on August 7, 2007, and has suffered additional seizures since that time.  Petitioner believes that he is entitled to an order directing prison officials to fill the prescription written by the emergency room doctor and that respondents' failure to honor the prescription puts him in imminent danger of serious physical injury.

In Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit ruled that Judge Shabaz (who had been assigned all of petitioner's cases until recently, when petitioner filed suit against him in Illinois state court for allegedly backing his car into petitioner while petitioner was out on parole) had erred in failing to permit petitioner to proceed under the imminent danger exception to § 1915(g).  In that case, petitioner had alleged that the discontinuation of his panic disorder, bipolar disorder and ADHD medications were causing him to suffer panic attacks with serious symptoms, including heart palpitations and paralysis in his legs and back.  Nevertheless, the court of appeals upheld the dismissal of petitioner's complaint on the ground that petitioner had alleged "way too much." Id. at 331.  In particular, the court held that because petitioner had acknowledged in his complaint that he had been seen by prison doctors at least ten times in three months, his claim amounted to nothing more than a disagreement with medical professionals about his needs and therefore did not state a cognizable claim under the Eighth

6

Amendment.

A review of the cases petitioner has filed in the past two years reveals how petitioner has learned from this decision precisely how to plead allegations of imminent danger so as to continue to utilize the federal court for sport. In <u>Ciarpaglini v. Halvorsen</u>, 06-C-17-S, petitioner alleged that while he was confined in the Rock County jail in December 2005, a doctor prescribed him medication he knew would be ineffective to treat petitioner's seizure disorder. In <u>Ciarpaglini v. Cullinan</u>, 06-C-18-S, petitioner alleged that in May of 2005, he was denied his seizure medication for two days while he was on suicide watch. He alleged also that another medication, Asprazalam, was stopped abruptly and that the abruptness of the discontinuation caused him to experience seizures, panic attacks and withdrawal. In <u>Ciarpaglini v. Suliene</u>, 07-C-339-S, petitioner complained of dissatisfaction with pain medication he had been prescribed. In <u>Ciarpaglini v. Diedrich</u>, 07-C-384-S, petitioner complained that in October 2000, he was taken to the hospital for a panic attack, that he has been prescribed many medications for the disorder and that the medications were inadequate. In <u>Ciarpaglini v. Thurmer</u>, 07-C-392-S, petitioner complained (without first having first exhausted his administrative remedies) that "environmental factors" such as sleep deprivation and constant lighting were provoking his seizures. In <u>Ciarpaglini v. Mueller</u>, 07-C-430-S, petitioner complained (without first having exhausted his administrative remedies) that on an "irregular basis," a prison official was sending him food

trays with rice or beans on them and, because petitioner is allergic to rice and beans, he was suffering panic attacks with serious physical side effects.  In Ciarpaglini v. Schrubbe, 07-C-440-S, petitioner alleged that he had been receiving a medication, Concerta, for attention deficit hyperactivity disorder but that when this medication was discontinued on August 3, 2007 purportedly because petitioner had abused his use of it, the discontinuation caused petitioner to suffer a seizure that day, two more on August 5, when petitioner was taken to the hospital, another two on August 6 and one more on August 7.  In Ciarpaglini v. Kallas, 07-C-441-S, petitioner alleged that he needed "Benzodiazepine type" medications for his panic disorders and that respondents refused to prescribe this drug, despite the fact that other medications have been inadequate to treat his disorder.  (Both case nos. 07-C-440-S and 07-C-441-S were dismissed ultimately for petitioner's failure to exhaust his administrative remedies.)  In Ciarpaglini v. Strahota, 07-C-460-S, petitioner alleged that he needed an extra mattress to pad his cell to protect himself against physical injury when he has a seizure.  In Ciarpaglini v. Gorske, 07-C-461-S, petitioner alleged again that sleep deprivation from lighting in his cell was causing him to have seizures.  (This case was dismissed a second time for petitioner's failure to exhaust his administrative remedies.)  In Ciarpaglini v. Medina, 07-C-468-S, petitioner alleged again that he was being served food to which he was allergic.  In Ciarpaglini v. Muraski, 07-C-453-S, petitioner complained that on five separate occasions over a lengthy period of time, he was assaulted by different prison

officials.  In Ciarpaglini v. Kroll, 07-C-513-S, petitioner complained again about needing an extra mattress to pad his cell to keep him from injuring himself during a seizure.  In Ciarpaglini v. O'Donovan, 07-C-512-S, petitioner complained, as he does in this lawsuit, that he had seizures on August 5 and August 7, 2007, and that he was taken to the emergency room in connection with the August 5 seizure.  Petitioner alleged as well that every time hospital personnel left the emergency room, respondents gratuitously assaulted him.  In Ciarpaglini v. Froelich, 07-C-511-S, petitioner alleged as he did in case no. 07-C-440-S, that his Concerta medication was discontinued.  This time, however, he alleged that the discontinuation occurred on August 2, not the 3rd, that he suffered a seizure on August 3, had three seizures (not two as he had alleged in 07-C-440-S) on August 5, including a grand mal seizure for which he was taken to the hospital, two more on August 6 and another on August 7, and that if he had been given the Ativan the emergency room doctor prescribed, his seizures might be better controlled.  (This case, like the many that had come before it, was dismissed ultimately for petitioner's failure to exhaust his administrative remedies.)  In Ciarpaglini v. Froelich, 07-C-561-S, petitioner repeated his claims raised in case no. 07-C-511-S.  (The case was dismissed for petitioner's failure to provide proof of exhaustion.)  In Ciarpaglini v. Mueller, 07-C-574-S, petitioner complained that two prison officers slammed a trap door on his hand and threatened him with future harm.  (This case was dismissed for petitioner's failure to exhaust his administrative remedies.)  In Ciarpaglini

9

v. Braemer, 07-C-590-S, petitioner complained that he had been sprayed with a chemical agent that caused him to have a seizure and that the respondent had threatened him with future harm. (This case was dismissed for petitioner's failure to exhaust his administrative remedies.) Finally, in Ciarpaglini v. Strahota, 07-C-604-C, petitioner alleged that prison officials had inserted a 5-inch piece of wire in an apple and a 2 ½-inch piece of wire in his scrambled eggs and verbally threatened him with future harm.

Not too curiously, on October 22, 2007, Circuit Court Judge Michael Byron issued an order in a criminal action filed against petitioner in the Circuit Court for Rock County, Wisconsin, finding petitioner to be mentally ill and in need of involuntary administration of psychotropic medications. This finding bolsters suspicions raised in this court by petitioner's recent filings that petitioner might be suffering from delusional thinking and alleging more fiction than fact in his lawsuits. In light of this circumstance, it may well be permissible on this basis alone to hold that petitioner has not alleged credible facts in this lawsuit that he is in imminent danger of serious physical harm.

Even if I accept petitioner's allegation that he might suffer fewer seizures if he were to take Ativan in place of whatever medication his doctors at the prison have prescribed for him, I would not find that he has alleged facts sufficient to show that he is in imminent danger of serious physical injury. The cumulative allegations in petitioner's several lawsuits over the past year reveal that he is prone to suffering seizures periodically. Although I have

no doubt that most of petitioner's seizure episodes are unpleasant, nowhere does he allege that a seizure has caused him serious physical injury. Indeed, on the one occasion he alleges to have suffered a grand mal seizure, he was taken to the hospital to avoid serious physical injury.

In any event, it does not matter in this case whether petitioner's allegations are sufficient to warrant application of § 1915(g)'s imminent danger exception, because the complaint fails to state a claim upon which relief may be granted. Petitioner's cumulative allegations in his lawsuits over the past year confirm that prison officials are not being deliberately indifferent to his serious medical needs. Petitioner has admitted on several occasions including in this lawsuit that he is receiving medications. Although he may have a host of ailments, including a seizure disorder that causes him ongoing problems, his treatment needs are not being ignored. The theme of his lawsuits suggests nothing more than petitioner's persistent disagreement with the treatment decisions being made for him, and not a lack of treatment.

## ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis in this case is DENIED because petitioner's allegations do not qualify for the imminent danger exception to § 1915(g) and, even if they do, the complaint fails to state a claim upon which

relief may be granted.

Further, IT IS ORDERED that the clerk of court route directly to chambers without filing any future actions petitioner submits to this court that are not accompanied by the full filing fee so that I may examine them.  If I find that petitioner is alleging that he is being denied medical care or that some other condition of his confinement is causing him to suffer the symptoms of his various physical ailments, the complaint will be placed in a miscellaneous file and no action will be taken with respect to it.  If petitioner files a complaint alleging imminent danger of serious physical injury concerning a matter other than his medical conditions, I will direct that the complaint be filed.  These complaints will be reviewed formally to determine whether plaintiff's allegations of imminent danger are credible and, if they are, whether the complaint states a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).  However, petitioner is cautioned that even if his complaint survives screening, I will not hesitate to curtail his legal activities further if he does not ultimately prove that he is in imminent danger of serious physical injury.

Entered this 31st day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

12